UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - x

THE MCGRAW-HILL COMPANIES, INC.,

                      Plaintiff,   :

            -against-       :    09

HARUMI MCKINNON AND MARK MCKINNON  :
BOTH D/B/A MANGA-WORLD AND
JOHN DOE NOS. 1-5,          :

               Defendants.  :

- - - - - - - - - - - - - - - - - - - x



### COMPLAINT

    Plaintiff The McGraw-Hill Companies, Inc. ("McGraw-Hill"), by its undersigned attorneys, for its complaint against defendants Harumi McKinnon and Mark McKinnon both d/b/a Manga-World and John Doe Nos. 1-5, avers:

### Nature of the Action

    1.   McGraw-Hill is bringing this action to obtain legal and equitable relief to remedy defendants' infringement of plaintiff's copyrights through their sales of copies of instructors' solutions manuals.

### Jurisdiction and Venue

    2.   This Court has subject matter jurisdiction over the claim in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it arises under the Copyright Act, 17 U.S.C. § 101 et seq.

3.    Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. § 1391.

### Parties

4.    McGraw-Hill is a corporation organized and existing under the laws of the State of New York with its principal place of business at 1221 Avenue of the Americas, New York, New York 10020.

5.    Upon information and belief, defendant Harumi McKinnon is a natural person whose residence is 5807 Lake Emma Court, Groveland, Florida 34736-9705.

6.    Upon information and belief, defendant Mark McKinnon is a natural person whose residence is 5807 Lake Emma Court, Groveland, Florida 34736-9705

7.    Upon information and belief, defendants John Doe Nos. 1-5 are natural persons whose identities are presently unknown to McGraw-Hill.

### The Business of Plaintiff

8.    McGraw-Hill publishes a variety of works, including educational books.

9.    As a standard practice, McGraw-Hill requires its authors to assign the copyrights to it or grant it the exclusive rights of reproduction and distribution in the United States. This practice enables McGraw-Hill to maximize the dissemination of each work.

10.   McGraw-Hill invests significant monies to publish its copyrighted works.  McGraw-Hill, for example, makes substantial investments in royalties, content creation, licensing, copyediting, proofreading, typesetting, layout, printing, binding, distribution, and promotion.

11.   McGraw-Hill earns a substantial portion of its revenue from the publication of its copyrighted works and would suffer serious financial injury if its copyrights were not enforced.  A substantial decline in its income could cause McGraw-Hill to cease publishing one or more deserving books or journals.  This would adversely impact the creation of new works, scholarly endeavor, and scientific progress.

12.   An important part of McGraw-Hill's business is derived from publishing college textbooks.  College professors select textbooks from competing publishers based on the pedagogical value and the quality of supplementary materials.

13.   Instructors' solutions manuals are important supplementary materials.  Professors use instructors' solutions manuals to aid in grading homework.  Students, however, use instructors' solutions manuals to cheat.  Professors are less likely to select a textbook if the instructors' solutions manuals are freely and/or widely available.  Accordingly, McGraw-Hill does not sell its instructors' solutions manuals, and tightly controls its distribution to known faculty.

### Plaintiff's Copyrights

14.   McGraw-Hill routinely registers its copyrights. McGraw-Hill has generally registered its copyrights in its works, including the works Advanced Financial Accounting (Registered on June 21, 2004) (Registration Number TX0005986569) and Managerial Accouting, (Registered on August 3, 1999) (Registration Number TX0005001610) (the "McGraw-Hill Copyrights").

### The Infringing Acts of Defendants

15.   Defendants have without permission reproduced and sold copies of McGraw-Hill's instructors' solutions manuals that infringe the McGraw-Hill Copyrights.  Specifically, defendants have reproduced and sold these instructors' solutions manuals through online sites such as eBay.com using the username Manga-World and the e-mail address mmckinnon1@cfl.rr.com.

### CLAIM FOR RELIEF
(Copyright Infringement – 17 U.S.C. § 501)

16.   McGraw-Hill repeats the averments contained in paragraphs 1 through 15 as if set forth in full.

17.   McGraw-Hill has received United States Certificates of Copyright Registration for the McGraw-Hill Copyrights.

18.   The McGraw-Hill Copyrights are valid and enforceable.

19.  Defendants have infringed the McGraw-Hill Copyrights in violation of 17 U.S.C. § 501.

20.  Defendants' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage McGraw-Hill. McGraw-Hill has no adequate remedy at law for these wrongs and injuries.  McGraw-Hill is, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants and their agents, servants, employees, and attorneys and all persons acting in concert with them, from infringing the McGraw-Hill Copyrights.

21.  Defendants have willfully infringed the McGraw-Hill Copyrights.

22. McGraw-Hill is entitled to recover all damages sustained as a result of defendants' unlawful conduct including (1) defendants' profits, or (2) plaintiff's damages, or alternatively, (3) statutory damages.

WHEREFORE, McGraw-Hill demands judgment:

A.  Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing the McGraw-Hill Copyrights in violation of 17 U.S.C. § 501;

B.  Awarding McGraw-Hill its damages or defendants' profits, or alternatively, at McGraw-Hill's election, statutory

damages, as a result of defendants' willful infringement of the McGraw-Hill Copyrights;

      C.   Awarding McGraw-Hill its costs in this action, including its reasonable attorneys' fees, pursuant 17 U.S.C. § 505; and

      D.   Granting such other and further relief as to this Court seems just and proper.

Dated:  New York, New York
       February 10, 2009

                DUNNEGAN LLC

                By_____
                  William Dunnegan (WD 9316)
                  wd@dunnegan.com
                  Laura Scileppi (LS 0114)
                  ls@dunnegan.com
                 Attorneys for Plaintiff
                 The McGraw-Hill Companies, Inc.
                350 Fifth Avenue
                New York, New York 10118
                (212) 332-8300